■ In the Matter of GREGORY D. FERENTINO et al., Appellants, v. JOHN DIRKSEN et al., Respondents.— Judgment, Supreme Court, Madison County, entered on March 29, 1973, affirmed, without costs. We would note that upon the oral argument in this court the attorneys for the respective parties agreed and stipulated that the petitioners were aggrieved parties and had standing to bring the present proceeding. Herlihy, P. J., Greenblott, Cooke, Sweeney and Kane, JJ., concur.

■ MURRAY DORKIN et al., Appellants, v. AMERICAN EXPRESS COMPANY, Respondent.— Appeal (1) from an order of the Supreme Court at Special Term, entered in Albany County on July 6, 1973, which granted a motion by defendant for summary judgment dismissing the complaint, and (2) from the judgment entered thereon. Plaintiff, Natalie Dorkin, brings this action based in negligence and breach of contract for injuries sustained when the tour bus in which she was riding braked suddenly, causing her to be thrown to the floor. Her husband has brought a derivative action. The accident happened while plaintiff and her husband were on an American Express tour traveling, at the time, from Antwerp to Amsterdam. Plaintiffs allege first that while plaintiff was a passenger in defendant's tour, defendant, its agents, servants and/or employees negligently transported plaintiff, causing her injuries. They allege further that defendant warranted that the transportation facilities selected by defendant were fit, safe and proper and defendant failed to transport plaintiff in a fit and proper fashion in violation of said warranty and in breach of defendant's contractual obligation to plaintiff. These allegations were denied in defendant's answer. Special Term granted defendant's motion for summary judgment dismissing the complaint. The crucial issue is the relationship between defendant and the foreign bus company on whose bus plaintiff was injured. While the allegations of the complaint, if proved, are sufficient to hold defendant liable, an examination of the papers submitted on the motion reveals that the tour bus was owned and operated by an independent contractor. Such relationship, therefore, precludes any liability on the part of defendant, either on a theory of negligence or breach of contract. Defendant agreed to supply plaintiffs with a planned European tour with meals, lodging and transportation. It did not, however, insure the safety of plaintiff. The disclaimer in the tour contract negates any intent of defendant to assume a contractual obligation for such safety. The deposition and other exhibits were properly relied upon to form the factual basis of the affidavit of defendant's attorney in support of the motion. (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3215.05.) The only proof in opposition was the affidavit of Natalie Dorkin which merely set forth the allegations of the complaint and bill of particulars without reciting any evidentiary facts. This was insufficient to establish any triable issue. (*Indig* v. *Finkelstein,* 23 N Y 2d 728, 729.) On the record, as a whole, we find no triable issue of ultimate fact was raised, and Special Term, therefore, properly granted summary judgment to defendant. Order and judgment affirmed, with costs. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur. [74 Misc 2d 673.]