On April 13, 1972, fire destroyed a warehouse building which Samuel T. Dumas (contractor/insured) was constructing for Dumas Brothers Manufacturing Company, Inc. (owner). Southern Guaranty Insurance Company (insurance company) had issued a contractor's liability insurance policy providing coverage in the amount of $50,000.00 for Dumas's operations.
After the fire, the owner brought a negligence action against the contractor in which compensation was sought for the damage done to the warehouse by the fire. The defense of this action was undertaken by the insurance company and ultimately, after trial, resulted in a jury verdict and judgment against Samuel T. Dumas on February 26, 1975, in the amount of $234,000.00.
That case was appealed to this Court. The judgment in its full amount was affirmed against Dumas by this Court on April 2, 1976. Dumas v. Dumas Brothers Manufacturing Co., Inc.,295 Ala. 370, 330 So.2d 426 (1976).
Thereupon the insurance company paid into the United States District Court for the Southern District of Alabama the sum of $89,324.82 which was to be applied against the judgment and the costs, penalties, and interest relative thereto. However, Dumas is still liable to the owner for the amount of money by which the judgment exceeds coverage under the policy. *Page 88 
Dumas's excess liability under the judgment in the previous negligence action is approximately $184,000.00.
The action resulting in this appeal began in March, 1977, with the filing of a complaint by the owner against Dumas and the insurance company, in which the owner claimed damages from both defendants for: (a) negligent failure to settle the previous action relating to fire damage; and (b) the bad faith refusal of the insurance company to settle the fire damage claim.
On January 18, 1979, Dumas filed a cross-claim against the insurance company, which sought damages for the negligent failure or refusal of the insurance company to settle the previous action for the fire damage to the manufacturing company's warehouse and also damages for the insurance company's bad faith refusal to settle that claim within the limits of liability coverage afforded by Dumas's policy with the insurance company.
The insurance company's answer to Dumas's cross-claim was filed on August 23, 1979, and set up, as an affirmative defense, that the cross-claim was barred by the applicable tort statute of limitations. Additionally, on the same day, the insurance company moved for summary judgment, with supporting affidavit, on the same ground, i.e., that Dumas's cross-claim was barred by the applicable tort statute of limitations.
The trial court granted the insurance company's motion for summary judgment on March 31, 1981, expressly directing the entry of a final judgment in favor of the insurance company on Dumas's cross-claim for damages. This appeal followed.
What statute of limitations applies to an action alleging the bad faith refusal to pay an insurance claim made by the insured against the insurance company? This is the sole issue presented by this appeal.
We hold that the one-year statute of limitations governing tort actions applies, and the action is barred. Ala. Code 1975, § 6-2-39 (5). An action by an insured against its insurer alleging negligence or bad faith in settling a third party claim is a tort claim, not a contract action. Waters v.American Casualty Insurance Co., 261 Ala. 252, 73 So.2d 524
(1954). There, the Court noted that there exists a division among the jurisdictions as to whether the liability of an insurance company to its insured is based upon bad faith or negligence. The Court said:
 "We hold that there may be liability under both rules . . . based either on negligence or bad faith. . . .
 "This Court has long since taken the position that under certain circumstances, for the breach of a contract there may be either an action of assumpsit or one in tort. That means that when there is a contract expressed to exercise reasonable diligence in the performance of an act, or when there is a specific contract to do an act, a failure to exercise reasonable diligence on the one hand or to do the act on the other gives rise to an action of assumpsit. But when the contract is to exercise reasonable care to perform the act, a failure to exercise such reasonable care may be redressed by either assumpsit or in tort. [Citations omitted.] When the contract does not in terms require reasonable care in doing the act stipulated to be done, the law imposes a duty — but does not imply a contract — to exercise due care in doing the act; and, therefore, when negligence exists in doing that act an action in tort only is available because there is no express or implied contract which is breached." [Emphasis added.]
261 Ala. at 258, 73 So.2d 525.
The Court held that a suit against the insured for failure to settle a claim is a tort claim, whether based upon alleged negligence or bad faith. Thus, the one-year statute of limitations controls.
The insured argues that even if his negligence claim is barred, the bad faith claim should be governed by the six-year statute of limitations applicable to trespass actions because of the intentional nature of the bad faith tort. The bad faith charged here, however, does not carry the required *Page 89 
element of directness of injury to qualify it as a trespass. It cannot be said that the jury verdict in excess of the policy limits directly resulted from the company's failure to settle. Additionally, we have said that the bad faith refusal to pay a claim is merely a species of fraud and, as such, the statutes of limitation applicable to fraud apply.
Finally, the insured argues that his cross-claim should relate back to the date the original complaint was filed, thus rendering it timely within the one-year statute of limitations. This is not the law. A cross-claim permitted under ARCP 13 (g) must, like any other pleading, state a claim upon which relief may be granted, and
 "[i]n the absence of a statute to the contrary, a demand pleaded by way of a setoff, counterclaim, or cross claim is regarded as an affirmative action in most jurisdictions and therefore, unlike a matter of pure defense, is subject to the operation of the statute of limitations, and is unavailable if barred."
51 Am.Jur.2d Limitation of Actions, § 78 (1970).
This Court recognized the tort of bad faith refusal to settle a claim against an insurer in a third party context in Waters,supra, in 1954. It recently recognized the same tort absent the third party element. Both are tort actions, and both are governed by the one-year statute of limitations, both in the negligence claim and bad faith claim.
The trial court correctly held that the statute of limitations barred the insured's claim. Its judgment is, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.