Alan KLEIN, Plaintiff,

v.

Edward SALAMA, Defendant.

No. 80 Civ. 878.

United States District Court,
E. D. New York.

July 8, 1982.

MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is a motion by a law firm to withdraw as counsel for the defendant in this

personal injury action. The law firm, Martini, Wynne & Byrne, ("Martini") is house counsel to Great American Insurance Company ("Great American") which issued a homeowner's policy to Edward Salama's parents, Albert and Fortune Salama. The defendant, Edward Salama, is an insured under that policy. For the reasons stated below, Martini is removed as counsel in favor of counsel of defendant's choice and Great American is ordered to pay all reasonable attorney's fees incurred on Edward Salama's behalf.

### THE FACTS

The complaint alleges that the plaintiff sustained an injury during the course of a basketball game. The first and third causes of action allege that the defendant, Edward Salama, "wilfully, intentionally and maliciously assaulted plaintiff", while alternatively, the second alleges that the injury was caused when the "defendant struck plaintiff with such deliberate and reckless force, and in such a state of mind that, under the circumstances, then and there existing, his actions were unlawful, reckless, wanton and highly dangerous to the . . . plaintiff."

Shortly after receiving a copy of the complaint, Great American informed Mr. Salama that Martini would be instructed "to enter an appearance and answer on [Mr. Salama's] behalf and to take whatever steps are necessary to protect [Mr. Salama's] interests in the defense of this lawsuit." Great American July 2, 1980 letter at 1. Although Great American agreed to provide Mr. Salama with a defense, it denied liability under the policy. Specifically, the letter stated that:

> [U]pon a review of the allegations in this complaint, we must inform you that the allegations are not covered under the homeowner's policy # 473 71 71 issued to Albert and Fortune Salama under which we have provided you with a defense. A review of the complaint indicates that the

allegations against you are for intentional acts and assault. At this time I would like to direct your attention to Section 2 of your policy under the sub-section Exclusions and in particular Exclusion F which reads as follows:

> f. To bodily injury or property damage which is either expected or intended from the standpoint of the insured.

In the course of our investigation you have denied the allegations against you and it is under the assumption that the allegations in the complaint are groundless that we have agreed to supply you with a defense. However, if any judgment is rendered against you for any cause of action in this complaint, this company will refuse to indemnify you because of the above cited exclusion. Any judgment rendered against you will have to be satisfied out of your personal assets and this company will not be responsible for said judgment.[1]

*Id.*

After reading plaintiff's answers to interrogatories propounded by the defendant, Great American reversed its position and informed the defendant that it would no longer defend him. Reiterating that intentional acts were not covered by the homeowner's policy, Great American stated that:

> . . . careful review of the Interrogatories in the Federal Court [indicate that] the allegations against [Mr. Salama] are for intentional acts and assault. . . .

> \* \* \* \* \* \*

> At this time, the Great American Insurance Company and the office of Wynne, Martini & Byrne, Esqs. are disclaiming coverage and/or responsibility for anything in this lawsuit. We would suggest that at this time, you contact your personal attorney to make arrangements for him to take over the defense of your action.

Martini now moves to withdraw as counsel for the defendant. Plaintiff objects to

---

1. The letter also informed Mr. Salama that the homeowner's policy at issue did not cover punitive damages and that, should an award be made for such damages, Great American would not pay that award. July 2 letter at 2.

Martini's motion for three reasons: first, the motion is untimely; second, it would prejudice the plaintiff; and third, having previously promised to defend Mr. Salama, Great American should be estopped from reneging on its promise.

Mr. Salama's personal attorney, Selvyn Seidel, although not counsel of record in this proceeding, filed papers on Mr. Salama's behalf. He contends that Great American has a continuing obligation to defend Mr. Salama in the underlying action, and its refusal to provide such a defense constitutes a breach of its contractual obligations.

I find that a conflict of interest exists between the insurer and the insured and that this conflict does not absolve Great American of its contractual duties. In light of my finding that Great American improperly withdrew from its continuing obligation to defend Mr. Salama, I do not reach the equitable estoppel claim.

## THE LAW

■ This controversy is governed by New York law, under which an insurer's obligation to defend is determined by the allegations of the complaint against the insured. *Lee v. Aetna Casualty & Surety Co.*, 178 F.2d 750 (2d Cir. 1949); *Emons Indus., Inc. v. Liberty Mut. Fire Ins. Co.*, 481 F.Supp. 1022 (S.D.N.Y.1979); *Goldberg v. Lumber Mut. Cas. Ins. Co. of N. Y.*, 297 N.Y. 148, 77 N.E.2d 131 (1948); *American Home Assur. Co. v. Port Authority, Etc.*, 412 N.Y.S.2d 605, 66 A.D.2d 269 (1979). These allegations are measured against the policy, and if they assert facts which raise the possibility of recovery, however remote, the insurer has an obligation to defend. *American Home Assur. Co. v. Port Authority, Etc.*, 412 N.Y.S.2d 605, 66 A.D.2d 269 (1979); *Lapierre, Litchfield & Part. v. Continental Gas Co.*, 297 N.Y.S.2d 976, 59 Misc.2d 20 (1969).

■ Moreover, any doubt as to whether the allegations state a claim within the coverage of the policy is resolved in favor of the insured. *Lee v. Aetna Casualty & Surety Co.*, 178 F.2d 750 (2d Cir. 1949). *Sucrest*

*Corp. v. Fisher Governor Co., Inc.*, 371 N.Y. S.2d 927, 83 Misc.2d 394 (1975). Thus, "even where the complaint does not state facts with sufficient definiteness to clearly bring the case within or without the coverage of the policy, ... if there is potentially a case within the coverage of the policy the insurer is obligated to defend." *Lapierre, Litchfield & Part. v. Continental Gas Co.*, 297 N.Y.S.2d at 980, 59 Misc.2d at 23. *Accord, Lee v. Aetna Casualty & Surety Co.*, 178 F.2d at 751; 7A Appleman, Insurance Law and Practice, pp. 439–40 (1962). The insurer's duty to defend includes the defense of those actions in which alternative grounds are asserted, some within and some without coverage of the policy. *Freedman, Inc. v. Glens Falls Inc.*, 27 N.Y.2d 364, 368, 318 N.Y.S. 303, 305, 267 N.E.2d 93, 94 (1971); *Parker v. Agric'l Ins. Co.*, 440 N.Y.S. 964, 966–67, 109 Misc.2d 678, 680 (1980).

■ It should also be remembered that an insurer's obligation to defend is broader than its duty to indemnify. *Monari v. Surfside Boat Club*, 469 F.2d 9, 13 (2d Cir. 1973); *Goldberg v. Lumber Mut. Cas. Ins. Co.*, 297 N.Y. 148, 154, 77 N.E.2d 131, 133 (1948). This is so because the insurer is obligated to defend where there is a remote possibility of coverage regardless of whether the allegations in the complaint "square with objective truth or are utterly false and groundless." *Goldberg v. Lumber Mut. Cas. Ins. Co.*, 297 N.Y. 148, 154, 77 N.E.2d 131, 133 (1948).

As previously noted, the first and third causes of action of the complaint allege that the defendant "wilfully, intentionally, and maliciously assaulted plaintiff," while the second alleges that the defendant struck plaintiff with "deliberate and reckless force, and in such a state of mind that, under the circumstances then and there existing, his actions were unlawful, reckless, wanton and highly dangerous...." The coverage as outlined in the policy provides that Great American:

> ... agrees to pay on behalf of the Insured all sums which the Insured shall

become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. *This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent.* (emphasis added)

There is, however, an exclusion: "This policy does not apply to bodily injury or property damage which is either expected or intended from the standpoint of the Insured." Exclusions, 1f.

■ It is readily apparent that Great American had and continues to have a contractual obligation to defend Mr. Salama. Martini itself recognized this obligation when it enunciated its reasons for originally deciding to provide Mr. Salama with a defense. It stated:

A review of each cause of action indicates that plaintiff alleged that defendant acted intentionally. However, Great American Insurance Company determined that its house counsel Martini, Wynne & Byrne should enter an appearance on defendant's behalf, due to an allegation that defendant struck plaintiff with "reckless force" (allegation # 7). Since the term "reckless" might imply other than an intentional act, Great American Insurance Company extended coverage to defendant. Martini Affirmation at 1.

That Martini's subsequent review of the plaintiff's answers to the defendant's interrogatories somehow refined the plaintiff's allegations and eliminated the "doubt as to what course the plaintiff was going to take" does not change the result.[2] December 14, 1982 letter at 1.

2. The relevant portions of defendant's interrogatories and plaintiff's responses thereto are as follows:

41. Q. What is meant by your allegation that defendant's actions were:
A. Unlawful
B. Reckless
C. Wanton
D. Highly dangerous
A. A. Intentional Assault is a violation of the Penal Law.

■ I must, of course, construe the complaint liberally and in favor of the insured. *Lee v. Aetna Cas. & Surety Co.,* 178 F.2d 750 (2d Cir. 1949); *American Home Assur. Co. v. Port Authority, Etc.,* 412 N.Y.S.2d 605, 66 A.D.2d 269 (1979). There is at least a "remote possibility" that the complaint alleges a theory of liability that is covered by the policy. *American Home Assur. Co. v. Port Authority, Etc.,* 412 N.Y.S.2d at 610, 66 A.D.2d at 274; *Lapierre, Litchfield & Part. v. Continental Cas. Co.,* 297 N.Y.S.2d 976, 980, 59 Misc.2d 20, 22 (1969). I find, therefore, that the complaint, albeit ambiguous, alleges a cause of action based on the recklessness of the defendant. Since a reckless act is covered by the policy, Great American is obligated to provide the defendant with a defense.

■ If the complaint states a claim under the policy, and I have found it does, the obligation to defend does not evaporate because the insurer may have facts, gleaned from a source other than the complaint, that may indicate that the policy does not apply. *Lee v. Aetna Casualty & Surety Co.,* 178 F.2d 750, 751 (2d Cir. 1949); *Emons Indus., Inc. v. Liberty Mut. Fire Ins. Co.,* 481 F.Supp. 1022, 1026 (S.D.N.Y.1979); *Goldberg v. Lumber Mut. Cas. Ins. Co. of N. Y.,* 297 N.Y. 148, 154, 77 N.E.2d 131, 135–36 (1948). As stated by Learned Hand:

. . . the insurer will defend the suit, if the injured party states a claim, which qua claim, is for an injury "covered" by the policy; it is the claim which determines the duty to defend; *and it is irrelevant that the insurer may get information from the insured, or from any one else, which indicates, or even demon-*

B, C, and D. Defendant's acts in deliberately punching plaintiff with all of his strength while plaintiff was unaware and innocently looking away recklessly endangered plaintiff's life and well-being, was deliberate and showed wanton indifference to the health and safety of plaintiff and was highly dangerous since plaintiff could have been killed and was, in fact, seriously injured.

*strates, that the injury is not in fact "covered".* (emphasis added)

*Lee v. Aetna Cas. & Sur. Co.,* 178 F.2d 750, 751.

Furthermore, as stated in the policy, the obligation to defend exists "even if any of the allegations of the suit are groundless, false or fraudulent." Policy Coverages Section II. Thus, Great American has an express contractual obligation to relieve Mr. Salama "of the burden of satisfying the tribunal where the suit is tried, that the claim pleaded is groundless." *Id.* at 751–52. Insofar as the defendant has consistently denied the allegations (Defendant's Answer at 2; July 2, 1980 letter at 1) against him, Great American must provide him with a defense.

 I agree with Martini that at this point an irreconcilable conflict of interest exists between Great American and the insured, Edward Salama. As stated in a recent New York case involving a similar conflict of interest:

> ... [this] case illustrate[s] the problem of conflict of interest between insured and insurer arising out of the character of the act of the insured causing injury. Clearly, when an affirmative act (be it criminal or intentional) of the insured may negate coverage by the policy, the loyalty of any attorney who might defend such action is divided. On the one hand the attorney's duty to the insured is to try to defeat recovery on any ground, on the other his duty to the insurance company is to defeat recovery only on grounds as might render the insurance company liable.

*Parker v. Agric'l Ins. Co.,* 440 N.Y.S.2d 964, 967, 109 Misc.2d 678, 680 (1981). This conflict does not, however, relieve Great American from its contractual obligation to provide a defense to Mr. Salama. New York courts have consistently held that the interests of the insured and insurer are best accommodated by permitting the insured to choose his own counsel and by requiring the insurer to pay the reasonable fees of that counsel. *Prashker v. United States Guar. Co.,* 1 N.Y.2d 584, 154 N.Y.S.2d 910, 136

N.E.2d 871 (1956). *Accord, Hartford v. Village of Hempstead,* 48 N.Y.2d 218, 422 N.Y. S.2d 47, 397 N.E.2d 737 (1979); *Utica Mut. Ins. Co. v. Cherry,* 358 N.Y.S.2d 519, 45 A.D.2d 350 (1974).

Accordingly, Great American is relieved from providing representation to the defendant and is ordered to reimburse him for reasonable expenses, including reasonable attorney's fees in the defense of this action. *Suncrest Corp. v. Fisher Governor Co.,* 371 N.Y.S.2d 927, 83 Misc.2d 394 (1975), *aff'd* 391 N.Y.S.2d 987, 56 A.D.2d 564 (1977).

SO ORDERED.