**BOYD BROTHERS TRANSPORTATION COMPANY, INC., a corporation, Plaintiff-Appellee,**

v.

**FIREMAN'S FUND INSURANCE COMPANIES, Defendant-Appellant.**

No. 82–7366.

United States Court of Appeals, Eleventh Circuit.

April 16, 1984.

Rehearing and Rehearing En Banc Denied May 24, 1984.

H.E. Nix, Jr., Montgomery, Ala., for defendant-appellant.

Boyd Whigham, Clayton, Ala., William P. Cobb, II, Montgomery, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and SMITH *, Circuit Judges.

EDWARD S. SMITH, Circuit Judge:

This appeal concerns an insurance company's alleged negligent/wanton legal defense of an insured in a damages suit. The United States District Court for the Middle District of Alabama, Northern Division (Judge Hobbs), entered judgment for the insured, appellee Boyd Brothers Transportation Company, Inc. (Boyd Brothers or appellee). Appellant Fireman's Fund Insurance Companies (Fireman's Fund or appellant) appeals. We affirm.

*Issues*

Appellant has raised the following issues, discussed in turn below: (1) whether the 1-year statute of limitations precludes recovery on the negligence and wantonness counts; (2) whether New York attorney David Deitsch was an independent contractor to Fireman's Fund; (3) whether sufficient evidence existed to submit the wantonness claim to the jury; and (4) whether the trial court erred in disallowing evidence of settlement discussions.

* Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

## Background

Appellee Boyd Brothers is an interstate carrier of goods who in 1973–74 shipped galvanized steel coils from New York to Mississippi, where they were rejected because of rust. When the steel supplier sued appellee for damage to the goods, appellant Fireman's Fund, as an insurer of Boyd Brothers, undertook to defend the suit pursuant to a non-waiver agreement in the insurance contract. Fireman's Fund assigned the case to a New York attorney, partner of attorney David Deitsch who subsequently assumed responsibility for the case. Fireman's Fund paid Deitsch for the bulk of his services throughout the litigation.

In September 1977 the New York Supreme Court, County of New York, entered summary judgment for the steel supplier and against Boyd Brothers on liability. In response to the motion for summary judgment, Deitsch had submitted to the court only one item, an affidavit by appellee's president, Dempsey Boyd, who had no direct knowledge of the facts presented in the affidavit. Nine months after the summary judgment order, Fireman's Fund wrote a letter to Boyd Brothers confirming that the judgment had been entered and refusing to defend appellee further. Deitsch contacted Dempsey Boyd concerning an appeal, which Deitsch argued and lost, being paid directly by Boyd Brothers. The case then returned to the trial level for a hearing on damages. Appellant again paid for the defense, which Deitsch conducted. The New York jury in 1980 assessed damages and costs against Boyd Brothers totaling nearly $19,000, and appellee filed, but elected not to pursue, an appeal.

In 1981 Boyd Brothers sued Fireman's Fund for bad faith and negligence/wantonness in defending the action above described. This suit resulted in a jury verdict awarding appellee over $50,000 compensatory and punitive damages, with judgment issued accordingly in October 1982.

## Discussion

### A.

The 1-year duration of the statute of limitations which, under Alabama law, applies to all tort actions is not here disputed. *Fricks v. Carroll,* 368 F.2d 329 (5th Cir.1966); *Dumas v. Southern Guaranty Insurance Co.,* 408 So.2d 86 (Ala.1981). Instead, the issue concerns when the cause of action for the tort (negligent/wanton legal defense) arose: in October 1979 when the New York appellate court affirmed the summary judgment establishing Boyd Brothers' liability, as Fireman's Fund contends; or in June 1981 when final judgment on damages was issued, terminating the underlying litigation, as Boyd Brothers contends.

The trial court addressed this matter on summary judgment in a memorandum opinion. *Boyd Brothers Transportation Co. v. Fireman's Fund Insurance Companies,* 540 F.Supp. 579 (M.D.Ala.1982). For the reasons set forth in that opinion, which we do not repeat here, Judge Hobbs found persuasive Boyd Brothers' argument that the statute began to toll from the date of final judgment. We affirm; and the case is not time-barred.

### B.

Appellant also argues that the trial court erred in finding that attorney David Deitsch was not an independent contractor for appellant, which finding would have relieved Fireman's Fund of responsibility for the negligent/wanton defense. In so arguing appellant urges us to ignore important precedent on this issue. *Smoot v. State Farm Mutual Automobile Insurance Co.,* 299 F.2d 525, 530 (5th Cir.1962); *Blakely v. American Employers' Insurance Co.,* 424 F.2d 728, 734 (5th Cir.1970). In particular, appellant urges that we adopt as authority for the independent contractor theory the decision of a California court of appeals in *Merritt v. Reserve Insurance Co.,* 34 Cal.App.3d 858, 110 Cal. Rptr. 511 (1973). Rather than look afield to California law, however, this court under conflict of law principles must look to the

law of the state having the most significant relationship to the parties and the transaction with respect to the particular issue. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 291 (1971). That state is New York, where Deitsch practiced law, where the litigation here at issue occurred, and where Fireman's Fund has its principal place of business. The State of North Carolina has some contact as well, since the record reflects that S.M. Glenn, Senior Claims Supervisor in Fireman Fund's Greensboro branch office, corresponded with Deitsch about his billing of the New York litigation. Of course, Alabama, as the state of the third party, Boyd Brothers, has contact with and strong interest in the attorney/insurer relationship since the outcome of this issue will determine whether an Alabama citizen which employs other Alabama citizens and contributes to the state's economy will recover some $50,000 from a foreign corporation or be forced to pursue an out-of-state attorney in a malpractice suit. Nowhere in the record, however, do we discern any interest which the State of California might have in this matter, such that we might apply its law as appellant urges us.

◼ Turning to New York law on the question whether an attorney retained and paid by an insurance company to defend an insured is that company's independent contractor or agent, we find no case directly on point.[1] The New York courts do emphasize that, when an insurer has so contracted, its obligation to defend is broader than its duty to indemnify. *Klein v. Salama,* 545 F.Supp. 175, 177 (E.D.N.Y.1982). Where this obligation reaches the point that an irreconcilable conflict of interest arises between the insurer and the insured, causing the attorney to be caught in the conflict, New York courts require the insurer to fulfill its contractual obligation to

the insured "by permitting the insured to choose his own counsel and by requiring the insurer to pay the reasonable fees of that counsel." *Id.* at 179. The latter situation has not arisen in the case at bar, however, since Boyd Brothers never requested Fireman's Fund to provide counsel other than Deitsch, and neither party apparently ever disputed that the rusty steel loss fell outside the scope of the policy. Our situation thus does not involve an attorney openly torn in two directions by actively opposite interests. Rather, we are dealing with an attorney who, no doubt aware that his client the insurer apparently owed nothing under the policy, accordingly elected to perform his duty to his client the insured at best haphazardly.

◼ Lacking guidance from the New York courts in this situation, we turn to the law of the State of Alabama, the interests of which weigh heavily here. That law is likewise devoid of a case on this point. However, Alabama's neighbor state, Georgia, has specifically addressed this issue in the case upon which Boyd Brothers urges us to rely. *Smoot,* 299 F.2d at 530. We note also that the law of the State of Texas, within this court's predecessor's jurisdiction, is likewise in accord, as are the laws of the States of Kansas, Alaska, and Iowa. *See,* respectively, *Blakely,* 424 F.2d at 734; *Brinkley v. Farmers Elevator Mutual Insurance Co.,* 485 F.2d 1283, 1286 (10th Cir.1973); *Continental Insurance Co. v. Bayless & Roberts, Inc.,* 608 P.2d 281, 294 (Alaska 1980) (explicitly declining to follow *Merritt*); *Petersen v. Farmers Casualty Co.,* 226 N.W.2d 226, 228–29 (Iowa 1975) (noting opposing positions of *Smoot* and *Merritt*). By contrast, we have found no case explicitly following *Merritt*'s theory that the insurer's retained attorney is an independent contractor such that liability for his negligent legal defense

---

1. Cases of peripheral interest include: *Mduba v. Benedictine Hosp.,* 52 A.D.2d 450, 384 N.Y.S.2d 527 (N.Y.App.Div.1976) (hospital liable for emergency room physician's negligence regardless of whether physician was independent contractor); *Dorkin v. American Express Co.,* 43 A.D.2d 877, 351 N.Y.S.2d 190 (N.Y.App.Div. 1974) (travel service not liable where tour bus company expressly independent contractor); *Racoosin v. LeSchack & Grodensky, P.C.,* 103 Misc.2d 629, 426 N.Y.S.2d 707 (N.Y.Sup.Ct.1980) (utility liable for attorney's tortious interference with property).

of the insured will not be imputed to the insurer. Given this state of the law, we apply *Smoot* to the situation at hand. RESTATEMENT, *supra* § 291 comment f; *see also* § 174. The judgment of the district court that Deitsch was not appellant's independent contractor is therefore affirmed.

## C.

■■■ Appellant contends that the evidence of wantonness on the part of Deitsch as Fireman's Fund's agent and attorney was insufficient for the trial court to have submitted the claim to the jury. The trial court's instructions to the jury, which the parties do not contest, were that: "wanton conduct is an act or a failure to act in reckless or callous disregard or callous indifference to the rights of the injured party. It is something more than simple negligence."

Under the standard of *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969) (en banc), the trial court properly submitted the issue of Deitsch's wantonness to the jury. Boyd Brothers presented substantial evidence of wantonness, "evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Id.* Specifically, Deitsch's failure to submit any paper or document, except a hearsay affidavit by Dempsey Boyd, who had no firsthand knowledge of the steel delivery, to the New York court when a motion for summary judgment on the liability of his client Boyd Brothers was pending, was, at a minimum, negligent. Add to this Deitsch's 25 years' experience in these types of interstate carrier cases, his failure to report the adverse summary judgment result to his client appellee until 9 months after it had been rendered, and the considerable evidence Deitsch managed to produce at the damages trial (including

testimony by the receiving foreman for the consignee, the driver of the Boyd Brothers truck, the president of the steel supplier, and another knowledgeable witness), and we believe one may reasonably conclude, as did the trial court, that Deitsch may well have acted with callous disregard or indifference to the rights of Boyd Brothers. Accordingly, the trial court did not err in submitting the negligence/wantonness claim to the jury.[2]

## D.

Finally, appellant contends that the trial court erred in refusing to allow evidence of settlement discussions in the underlying case and in refusing to instruct the jury about Boyd Brothers' duty to mitigate damages and its opportunities for settlement. We find that the trial court did properly consider this issue and affirm that court's refusal to allow such evidence and instructions, for the reasons the court below articulated—that Deitsch, Boyd Brothers' attorney supplied by Fireman's Fund, continually advised appellee not to settle, that the judgment on liability was in error, and that in any event he (Deitsch) would reduce or limit the amount of damages at the damages trial.

For all of the above reasons regarding all four issues here submitted, the judgment of the trial court is affirmed.

AFFIRMED.

RONEY, Circuit Judge, concurring in part and dissenting in part:

I join all of the Court's opinion except part C. I respectfully dissent from the Court's holding that there was sufficient evidence on wantonness to submit that issue to the jury. Although the evidence supported a finding that Deitsch was negligent, it did not support a finding of wantonness, in my judgment. Since the jury's

---

**2.** Appellant also contends that, as a matter of law, Fireman's Fund may not be found liable for punitive damages for the negligent/wanton acts of its agent Deitsch. Appellant did not raise this issue below and we do not consider it here. *United States v. Allegheny-Ludlum Indus.,*

*Inc.,* 517 F.2d 826, 840 n. 13 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976); *Equal Employment Opportunity Comm'n v. Standard Forge & Axle Co.,* 496 F.2d 1392, 1394 (5th Cir.), *cert. denied,* 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 801 (1974).

award of punitive damages was based on the conclusion that Deitsch acted wantonly, I would reverse that award.