133 So.2d 221

**ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY, Inc.**

**v.**

**James A. HICKS.**

**7 Div. 528.**

Supreme Court of Alabama.

Sept. 21, 1961.

J. O. Sentell, Jr., and Parker & Salmon, Montgomery, for petitioner.

Rains & Rains, Gadsden, opposed.

LAWSON, Justice.

James A. Hicks sued Alabama Farm Bureau Mutual Casualty Insurance Company, Inc., in the Circuit Court of Etowah County on a policy of automobile insurance.

The cause was tried before the court without a jury. There was a judgment in favor of the plaintiff in the sum of $350.

The defendant insurance company appealed to the Court of Appeals, where the judgment of the Circuit Court was affirmed.

We granted certiorari to review the opinion and judgment of the Court of Appeals in response to a petition filed by the insurance company.

The insurance company defended the suit in the trial court on the theory that the policy sued on had lapsed for nonpayment of premium at the time Hicks sustained his loss.

Hicks admitted that the policy sued on was in default on the day of the collision but contended that the insurance company was liable nevertheless in that the company's acceptance of a premium after the loss, with full knowledge of the loss, constituted a waiver of the default for nonpayment of premium when due.

The trial court accepted this theory, as did the Court of Appeals.

The insurance company issued its policy No. A94766 to Hicks on November 12, 1955. It was for a six-months term from 12:01 A.M. on November 12, 1955, through 12:01 A.M. on May 12, 1956. The premium paid was $19.10. The policy did not provide for a grace period, nor did it provide for renewal or reinstatement after the expiration of the six-months term. The policy did contain the following renewal provision:

"The term of the policy shall be from 12:01 A.M., Central Standard Time as to each of said dates, and for such terms of six calendar months each thereafter as the required renewal premium is paid by the insured on or before expiration of the current term and accepted by the Company."

Hicks paid a "renewal premium" prior to May 12, 1956, so that he had coverage under policy No. A94766 through 12:01 A.M. on November 12, 1956.

But Hicks did not pay a "renewal premium" prior to 12:01 A.M. on November 12, 1956, so his coverage under the policy auto-matically expired at that time. Forrester v. State Farm Mutual Insurance Co., 97 Ga.App. 618, 103 S.E.2d 619.

Hicks sustained his collision loss on November 24, 1956, at a time when he had no protection under the policy in question.

On November 27, 1956, Hicks went to the office of the insurance company's "Agent-Manager" for DeKalb County and told a clerk in that office of the loss which he had sustained on November 24th and paid a premium amounting to $19.10, for which he was given a receipt. He was advised by the clerk that she was uncertain as to whether payment of the premium would afford coverage of the loss already sustained and suggested that he contact her employer, the "Agent-Manager." On the same day Hicks was told by the "Agent-Manager" that coverage was doubtful and that he should see the company's adjuster in Gadsden.

When Hicks paid the premium on November 27th the clerk gave him a receipt which shows the payment of a premium of $19.10 on policy No. A94766; that the premium was due on November 12, 1956, and would afford coverage to May 12, 1957. Printed on the receipt are these words: "No coverage afforded after date due until payment is received." The receipt also contains the following provision: "In consideration of premium paid this policy is renewed to 'will pay to' date on reverse side hereof."

Hicks saw the adjuster in Gadsden, who at first informed him that he did not know whether the loss of November 24th was covered; that he would investigate and let him know. Later the adjuster told Hicks that the loss was not covered.

The payment made by Hicks on November 27th was forwarded to the home office of the insurance company and accepted there.

Hicks filed proof of loss on January 8, 1957.

The Court of Appeals held that the knowledge of the insurance company's "Agent-

Manager" and adjuster was imputed to the company. That holding is not questioned here.

In Washington National Insurance Company v. Scott, 231 Ala. 131, 132, 164 So. 303, 305, this court said:

"Probably there is no principle of insurance law more firmly settled, nor better grounded in justice and reason, than that an insurer, who receives and retains premiums, the very consideration for carrying the insurance risk, with knowledge of facts which, under stipulations for his benefit, would, in the absence of such knowledge, empower him to treat the policy as having never been in force, will be held to have waived such stipulations. Waiver, strictly speaking, is a matter of intent. But, in such case, no proof of actual intent is required. Any other intent, in such case, would work a positive wrong or fraud on the insured. The law charges the insurer with the intent to waive under the doctrine of estoppel."

The insurance company does not question here the soundness of that statement or of the holdings of the cases to the same effect cited in the opinion of the Court of Appeals.

The insurance company asserts that the general principle that the acceptance of a past due premium after loss, with knowledge of the loss, waives the forfeiture for nonpayment of the premium has no application where as in this case the renewal receipt shows on its face that the past due premium was accepted on the condition that "No coverage afforded after date due until payment is received."

The insurance company had the right to condition renewal or reinstatement of the policy on the exclusion of coverage between date of default and date of reinstatement or renewal. Forrester v. State Farm Mutual Insurance Company, supra.

But it was not entitled to retain and use the premium paid for the defaulting period

*with knowledge of the loss* and then deny liability. It cannot in one breath say the policy was not in full force and effect during the defaulting period (November 12, 1956, to May 12, 1957) and in the same breath say that it is, nonetheless, its right to retain and use the premium paid to it covering the defaulting period.

When the insurance company ascertained that Hicks suffered an accident during the defaulting period for which he claimed coverage, it could have offered (1) to return the premium for the defaulting period, or (2) it could have applied the premium for the period from November 27, 1956, to May 27, 1957, or (3) it could retain the premium and cover the collision loss.

The company chose the third alternative. It did not extend coverage to May 27, 1957. The receipt expressly limited coverage to May 12, 1957. The company retained the full six-months premium although it is evident that the insured would not have paid the premium for the period in default except for the fact that he was not informed at time of payment that he had no coverage during that period, although he informed the insurance company's agent of the loss.

In Inter-Ocean Insurance Company v. Banks, 268 Ala. 25, 104 So.2d 836, the insurance company had no knowledge of the plaintiff's injury at the time it accepted payment of the past-due premium. Hence, our holding in that case is not applicable here.

We are of the opinion that the retention of the premium covering the defaulting period by the insurance company under the particular facts of this case constitutes a waiver of the condition in the receipt to the effect that the premium paid did not cover loss during the defaulting period.

The question here is not without difficulty, but we entertain the view that the judgment of the Court of Appeals should be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.