318 So.2d 687

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation**

v.

**Martin N. ANDERSON.**

**SC 1106.**

Supreme Court of Alabama.

Aug. 21, 1975.

Rehearing Denied Sept. 11, 1975.

Sirote, Permutt, Friend & Friedman and William G. West, Jr., Birmingham, for appellee Martin N. Anderson.

William M. Warren, Jr., Birmingham, for appellee The Travelers Ins. Co.

Collins & Johnston, Birmingham, for Alva E. Killian.

Rives, Peterson, Pettus, Conway & Burge, and Edgar M. Elliott, Birmingham, for appellant.

**452**

MERRILL, Justice.

This appeal is from a decree in a declaratory judgment proceeding in which the trial court held that State Farm Mutual Automobile Insurance Company is liable to defend Dr. Martin N. Anderson in a law suit arising out of a collision of Anderson's Lincoln Continental with another automobile on November 1, 1973.

Dr. Anderson's bill of complaint alleged as a basis for finding that there was coverage the fact that the defendant, with knowledge that the accident had occurred, negotiated and deposited plaintiff's check for a premium admittedly drawn and mailed after the expiration of the policy and received after the loss. Such conduct, it asserted, constituted a waiver of defendant's right to deny coverage.

The answer of defendant State Farm admitted the existence of a policy, that the accident occurred, that plaintiff gave notice of the same to the defendant, that the check was negotiated and deposited after knowledge of the accident and after the expiration of the policy, but denied that the premium was mailed prior to the accident or that it was accepted in payment of a past due premium. It further averred that the check was accepted to reinstitute the lapsed policy as of November 2, 1973, subsequent to the accident.

Most of the facts are not disputed. Dr. Anderson's policy was to expire on October 10, 1973 and he received a premium notice in early September. The gross premium was $112.90, but with a dividend of $6.80, the amount due was $106.10. Dr. Anderson decided not to pay it then because he did not "have any money in the bank." He "presumed" he had a 30-day grace period but the policy did not so provide. A check dated October 29 in the amount of $106.10 was mailed to State Farm. (The date of mailing is in dispute.) The accident occurred in the evening of Thursday, November 1. The envelope containing the check was postmarked November 2nd and received by State Farm on November 3. State Farm had been notified of the accident. On November 7, State Farm negotiated and deposited the check and later in the month sent Dr. Anderson a new policy effective from November 3, and billed him for the $6.80 dividend which had reduced the premium. Premiums are due each six months and they are not paid to the agent but are mailed to the regional office in Birmingham.

Kenneth Dean, a witness for Dr. Anderson and a resident of Snead, Alabama, testified that he was stopped at a red light in Homewood, that Mr. Killian (the plaintiff in the damage suit against Dr. Anderson), was just behind him and the Anderson car hit Killian's, and the Killian car rammed the rear of Dean's car. The next morning, Dean called State Farm and talked with a man named George—(he was not sure of the last name) and asked if Dr. Anderson's car was insured and, after some minutes, the man stated that "Dr. Anderson was covered." He said he was told to take it to Jim Skinner Ford and have it fixed. He later called the Roebuck office of State Farm and was again told that Dr. Anderson was covered, to take his car to Jim Skinner Ford and to "rent you a car if you need to." Dean had not sued Anderson because his damages, $10,000.00 personal injuries and $2,000.00 automobile, had been paid under the uninsured motorist provision of his own policy.

Mrs. Anderson, who operates a nursing home with her husband, testified that she signed the check on October 29, and mailed it that afternoon at Five Points South.

George Gomperts testified that he was agency manager for State Farm and had been for 17 years; that he had twelve agents under his supervision, one of whom was Leon Waters, who handled the Anderson policy; that he and Dr. Anderson had been personal friends for more than 10 years; that Dr. Anderson had notified him of the accident on the morning of November 2; and that he had never talked to Kenneth Dean.

The trial court, in its opinion, stated in part:

"* * * The pivotal question for determination by the Court is that of whether or not the negotiation and depositing of Plaintiff's check by State Farm constituted a waiver or estoppel which would effect a binding obligation on State Farm as provided in its policy. Under the attendant facts set forth in the trial of this cause, this Court finds that the acceptance by State Farm of the policy premium after the aforesaid loss occurred does constitute a waiver of the delinquency in payment and amounted to an intentional relinquishment of any right which State Farm might have had to the denial of coverage under its policy."

A motion for a new trial was overruled.

In *Mobile Life Insurance Co. v. Pruett,* 74 Ala. 487 (1883), it was said:

"A receipt of a premium, after a breach of the condition for its payment has occurred, is, doubtless, a waiver of the forfeiture. The payment must however, be made to the insurer, or to an agent having authority to receive it. And it must be made fairly and honestly; there must be no misrepresentation or concealment of material facts known to the party making the payment, of which the insurer can not reasonably be presumed to have knowledge. * * *"

In *Life & Casualty Ins. Co. v. Eubanks,* 19 Ala.App. 36, 94 So. 198, the Court of Appeals said:

"As a general rule, a contract of insurance is to be strictly construed against the insurer, and is to be liberally construed in favor of the insured, and, with respect to forfeitures, the courts will adopt that construction most favorable to the insured, and it may be said that forfeitures for nonpayment of premiums are not favored. *Manhattan Life Ins. Co. v. Parker,* 204 Ala. 313, 85 So. 298; *Mutual Life Ins. Co. of New York v. Lovejoy,* 201 Ala. 337, 78 So. 299, L.R. A.1918D, 860.

\* \* \* \* \* \*

"The right to insist upon a forfeiture of a liability under a contract being a right which may be waived by the party in whom the right resides, such waiver may be implied from conduct inconsistent with the intention to exercise it, for neither party to a contract may receive the benefits accruing thereunder and avoid the liabilities created thereby. *Romanoff Co. v. Cameron,* 137 Ala. 217, 33 So. 864."

In *Washington Nat. Ins. Co. v. Scott,* 231 Ala. 131, 164 So. 303, this court stated:

"Probably there is no principle of insurance law more firmly settled, nor better grounded in justice and reason, than that an insurer, who receives and retains premiums, the very consideration for carrying the insurance risk, with knowledge of facts which, under stipulations for his benefit, would, in the absence of such knowledge, empower him to treat the policy as having never been in force, or as being no longer in force, will be held to have waived such stipulations. Waiver, strictly speaking, is a matter of intent. But, in such case, no proof of actual intent is required. Any other intent, in such case, would work a positive

wrong or fraud on the insured. The law charges the insurer with the intent to waive under the doctrine of estoppel."

The above paragraph is quoted with approval in *Alabama Farm Bureau Mutual Casualty Ins. Co. v. Hicks,* 272 Ala. 574, 133 So.2d 221. The trial court cited *Hicks,* and both sides on this appeal argue that *Hicks* supports their contentions. A majority of this court in *Mutual Savings Life Ins. Co. v. Noah* 291 Ala. 444, 282 So.2d 271, concurred in the following statement:

> "* * * In the case of *Alabama Farm Bureau Mutual Casualty Insurance Company v. Hicks,* 272 Ala. 574, 133 So.2d 221, this court held that retention by an insurer of a past due premium payment, with knowledge that a loss was sustained during the defaulting period, constituted a waiver of the condition that premiums paid late did not cover losses sustained during the period of default and rendered insurer liable for such loss. Though *Hicks* involved an automobile liability policy, the basic principles found therein are applicable to the instant case. * * *"

There is no question here but that the loss was sustained during a defaulting period, and that the check was payment of a past due premium, and that an authorized agent of State Farm was notified of the loss before the check was negotiated and paid after State Farm had learned of the loss.

We cannot agree with the statement in State Farm's brief that "The facts controlling the issues on this appeal are not in dispute." Several inferences and questions arise from the facts—some favoring the insurer and some favoring the insured.

The trial court saw and heard the witnesses and it decided a very close question in favor of the insured. In *Daugherty v. Gulf Shores Motel, Inc.,* 292 Ala. 252, 292 So.2d 454, this court said:

> "Where the evidence is heard orally before the trial court, the finding of the

court has the effect of a jury's verdict and will not be disturbed on appeal unless plainly erroneous. And we must affirm the trial court's decree if fairly supported by credible evidence under any reasonable aspect, regardless of what might be our view of the evidence. *Lott v. Keith,* 286 Ala. 431, 241 So.2d 104; *Norton v. Norton,* 280 Ala. 307, 193 So. 2d 750."

Affirmed.

HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.