The primary issue in this case is whether the acceptance of late premium payments by Wright's Insurance Agency with knowledge that, during the period of default, William J. Grimmett had been involved in an accident estops the Central National Insurance Group from denying coverage. We hold that it does and affirm the trial Court.
Grimmett purchased an insurance contract from Central through its agent, Wright. The policy expired on September 10, 1974. Prior to this expiration, in either July or August, Grimmett received written notification by mail that his policy would lapse on September 10. Grimmett testified that he laid this notice down and forgot it.
Subsequently, on September 11, 1974, Grimmett was involved in an automobile accident. Grimmett reported his accident to Wright's Insurance Agency the next day and was informed that his policy had lapsed. Grimmett then paid $96 to Wright's Insurance Agency to renew his policy. Four days later, Grimmett met with B.B. Wright and made out an accident report. An adjuster made an estimate of the damage.
Grimmett never received any written or oral notice from the insurer, Central, or its agent, Wright, that the insurer was denying coverage. Grimmett made additional payments between the date of his accident and the date he received his renewal policy. He received his renewal policy in December.
Both parties rely on the case of Alabama Farm Bureau v.Hicks, 272 Ala. 574, 133 So.2d 231 (1960). In Hicks, this Court stated that when an insurance company accepts payment for a premium on a lapsed policy with knowledge that an accident occurred during the period of lapse, three options are available to the insurer. First, the insurer may return the premium for the lapsed *Page 768 
period; second, it may apply the premium from the date it was received forward, that is, in the case at hand, September 12 on; or, third, it may retain the premium and cover the collision loss. 272 Ala. at 576, 133 So.2d 231. See also StateFarm v. Anderson, 294 Ala. 451, 318 So.2d 687 (1975).
Obviously, Central did not choose the first option. Counsel for Central urge this Court to hold that the insurer chose the second option. To adopt this position, however, would ignore the actions of Central's agent, Wright, who accepted Grimmett's payments in the amount of $96 and $30. Furthermore, Wright failed to notify Grimmett that they intended for coverage to start on September 12 until 90 days had passed and after Grimmett had been led to believe that he indeed had coverage for his accident.
Therefore, it becomes apparent that, although Central may have chosen the second option — applying the premium from the date of payment forward — they failed to inform Grimmett of their intent until after his premium payments had been made. As this Court stated in Washington National Insurance Company v.Scott, 231 Ala. 131, 132, 164 So. 303, 304 (1935), "Waiver, strictly speaking is a matter of intent. But, in such case, no proof of actual intent is required."
We find in the case at bar that, although Central may not have intended to waive its rights, this intention was not conveyed to the insured Grimmett. Indeed, Grimmett was led to believe the opposite — that the insurance company intended to waive its rights and provide coverage.
We hold that, before an insurance company may avail itself to the second option provided in Hicks, this intent must be clearly conveyed to the insured before premium payments are accepted. We, therefore, hold that the judgment of the trial Court should be affirmed.
AFFIRMED.
BLOODWORTH, ALMON, SHORES, and EMBRY, JJ., concur.