The plaintiff, Paul Richard Allen, filed suit against Bobby Wayne Scott and Dairyland Insurance Company claiming $50,000.00 damages for personal injuries resulting from an automobile collision which occurred on September 4, 1977 when Allen was riding as a passenger in Scott's automobile. Allen claimed negligence and wanton misconduct on the part of the defendant, Bobby Wayne Scott, and claimed that the defendant, Dairyland Insurance Company, carried an uninsured motorist policy which covered the accident. The defendant, Dairyland, denied that any coverage existed. Scott denied the plaintiff's claim, pleaded contributory negligence, and cross claimed against Dairyland, claiming insurance coverage for liability, uninsured motorist, collision, comprehensive coverage and attorney's fees. The parties submitted the insurance coverage questions to the trial court, which found that the policy previously issued to Scott had lapsed and that there was no insurance coverage at the time of the accident. Allen and Scott now appeal.
The defendant, Bobby Wayne Scott, purchased an automobile insurance policy from the defendant, Dairyland, on June 3, 1977. The expiration date of the policy was August 14, 1977. On July 28, 1977, Dairyland mailed a renewal notice to Bobby Wayne Scott and on August 30, 1977, mailed a notice stating that the policy had expired and containing an offer to rewrite a new policy with coverage effective the day after the postmark of the envelope containing payment. Scott denied that he received these documents although both were mailed to his correct address.
The plaintiff, Paul Richard Allen, was a passenger in Scott's automobile when the accident occurred on September 4, 1977. On September 6, 1977, Scott's mother reported the accident to J.W. Milstead, an agent of Dairyland. Milstead filled out a loss report, but later the same day found out that Scott's policy had lapsed. The next day, September 7, Milstead received a $95.00 premium check from Scott. Milstead endorsed the check to the order of Dairyland Insurance Company. The same day he wrote a letter to Scott advising him that there would be no coverage applicable to the collision loss on September 4, 1977, and that acceptance of Scott's check by Dairyland *Page 110 
would result in a new policy effective the day after the envelope bearing the check was postmarked.
On September 8, 1977, Milstead informed Scott's mother by telephone that there was no coverage for the accident of September 4, 1977.
The sole issue before this Court is whether the trial court erred in finding that Dairyland provided no insurance coverage over the September 4, 1977 accident. We hold that it did not err and affirm.
Appellants rely on Central National Insurance Co. Group ofOmaha v. Grimmett, Ala., 340 So.2d 767 (1976). In Grimmitt, this Court recognized the rule set out in Alabama Farm Bureauv. Hicks, 272 Ala. 574, 133 So.2d 221 (1960), that when an insurance company accepts payment for a premium on a lapsed policy with knowledge that an accident occurred during the period of lapse, three options are available to the insurer. The insurer may: 1) return the premium for the lapsed period; 2) apply the premium from the date received forward; or 3) retain the premium and cover the collision loss. In Grimmett,supra, this Court dealt with the second option and stated:
 We hold that, before an insurance company may avail itself to the second option provided in Hicks, this intent must be clearly conveyed to the insured before premium payments are accepted. . . . [Emphasis added.]
Appellants contend that Dairyland accepted Scott's premium and attempted to apply it from the date received forward without clearly conveying its intent to the insured. Thus, they contend that absent notice of the intent to apply the premium forward, coverage should be deemed to exist during the lapsed period.
The evidence shows, however, that Scott was given notice of the lapse of his policy and of the company's procedure on renewal. Dairyland sent him a renewal note on July 28, 1977. On August 30, 1977, Dairyland sent him another letter in order to inform him that his policy had lapsed, and included a "rewrite policy," which stated that his original policy had expired, and that acceptance of this "rewrite policy" would result in a new policy to begin the day after the postmark on the envelope containing payment. Scott denied receiving these communications, although both were mailed to his correct address.
Moreover, Scott was sent notice by return mail, the same day his premium check was received by Dairyland, that no coverage existed during the lapsed period, and his mother was told by telephone, the next day, that there was no coverage for the September 4th accident. Thus, Dairyland consistently and repeatedly notified Scott that no coverage existed over the accident.
This situation is distinguishable from that of Grimmitt,supra, because in that case the insured was not given any indication for ninety days after the renewal that the premium would be applied prospectively. By its actions in accepting several premium payments and in not notifying the insured for ninety days that coverage was to be prospective, and that no coverage existed during the lapse in his policy, the insurance company in Grimmitt conveyed to the insured an intent to waive its rights.
In the present case, however, notice of the prospective application of the premiums was given repeatedly and promptly. Not only did Dairyland send notices to Scott to inform him of the lapse in his policy and their renewal policy, but they also notified him as soon as they received his premium check that coverage would be prospective. At every opportunity Dairyland denied that there was any coverage. No action on the part of Dairyland was inconsistent with its intent to deny coverage. Accordingly, the finding by the trial court that no coverage existed over the September 4, 1977 accident was correct.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur. *Page 111