This is an appeal from a judgment in favor of William E. Sims in the amount of $30,000.00, and in favor of Betty V. Sims in the amount of $75,000.00, against Safeco Insurance Company of America (Safeco) in a bad faith tort action. We reverse and render on the ground that the insureds' failure to file a counterclaim in a prior declaratory judgment action bars the instant tort claim for bad faith.
Safeco issued a policy of automobile insurance to the Simses under a "budget plan" which allowed the insured to purchase six months of coverage with two separate premium payments. The first three months of coverage expired December 14, 1975, with renewal premium for the second three months being due in November 1975.
Because of problems involving a bad check written by the Simses there was some difficulty in Safeco's internal processing procedure and the premium notice was not mailed to the Simses prior to renewal date. This was evidenced by a letter from L. Trayser of Safeco Insurance Company to the Simses. The letter advised them that the policy would remain in full force and effect if "your payment is postmarked no later than December 26, 1975. If payment is not postmarked by this date, however, coverage will terminate as of renewal due date on the attached notice."
Betty Sims had an accident on December 26, 1975. As of that date her Safeco liability premium had not been paid. She called the agent, Jinks, about the accident; but whether the call was made before or after midnight was disputed at trial.
The letter in which the Simses mailed the premium which was due on December 26, was postmarked December 27. Even though the check was late, Safeco accepted it and reinstated the insurance policy to provide coverage prospectively — not to include the date of the accident. On January 27, 1976, Safeco advised the Simses by letter that there would be no coverage for the loss of December 26th because of non-payment of premiums.
Safeco filed in the Circuit Court of Jefferson County a complaint for declaratory judgment which was served upon the Simses on May 27, 1976. The complaint asked the court to determine that coverage had lapsed; was not in effect at the time of the accident; and that Safeco, therefore, had no obligation under the policy for any loss or damage arising out of the December 26 accident.
Following an evidentiary hearing on November 16, 1976, the court ruled that coverage was afforded the Simses under the *Page 1221 
doctrine of waiver and estoppel. The court stated:
 "This cause presents a justiciable controversy. . . ."
". . .
 "Under the attendant facts as set forth in the trial of this cause, this Court finds that the acceptance by Safeco of the policy premium after the aforesaid loss occurred does constitute a waiver of the delinquency in payment and amounted to an intentional relinquishment of any right which Safeco might have had to the denial of coverage under its policy. The facts of this instant case are very similar, in the salient factors, to the case of Alabama Farm Bureau Mutual Casualty Insurance Co., Inc. v. Hicks, 133 So.2d 221, 272 Ala. 574, to the case of State Farm Mutual Automobile Insurance Co., a corporation v. Martin N. Anderson, cited as [294 Ala. 451] 318 So.2d 687, and these cases and allied cases of our Supreme Court are the authority for this instant decision."
On November 14, 1977, the Simses filed a complaint against Safeco and its authorized agent, Jinks. The complaint alleged that on December 26, 1975, they had liability insurance coverage with Safeco, and that on that date, Betty Sims suffered an automobile accident which resulted in liability claims being made against her. The complaint further alleged that Safeco denied payment of the claims and filed a declaratory judgment action in the Circuit Court of Jefferson County, Alabama, which resulted in a decree dated November 16, 1976, holding that the Simses were in fact covered under the Safeco liability insurance policy. They alleged that Safeco's actions in denying coverage constituted bad faith and breach of contract. As a proximate result of defendants' alleged bad faith and breach of contract, the plaintiffs claim that they were caused to suffer severe and permanent injury, including mental and emotional injury, for which compensatory damages of $500,000 and punitive damages of $3,000,000 were sought. The complaint was amended to include an additional cause of action in fraud.
The defendants, Safeco and Jinks, filed an answer to plaintiffs' complaint on February 11, 1978, and amended the same on November 9, 1978, claiming as defenses the statute of limitations, the doctrine of estoppel because of the plaintiffs' failure to file a counterclaim in the declaratory judgment action, the general issue, and that the defendant Safeco had exhausted the limits of its liability coverage with plaintiffs and had settled and obtained on behalf of the insured full and complete general releases from all parties injured in the automobile accident. On November 12, 1978, defendants filed a motion to dismiss or a motion for summary judgment based upon the plaintiffs' failure to assert a compulsory counterclaim in the declaratory suit; the defense of res judicata; and the defense of the one-year statute of limitations. The court reserved ruling on the defendants' motion to dismiss until the day of trial.
At the conclusion of the plaintiffs' case and at the conclusion of all the evidence, Safeco and Jinks argued a motion for directed verdict. The court overruled the motion on behalf of Safeco, but granted the motion as to defendant Jinks at the close of all the evidence.
The case was submitted to the jury against defendant Safeco for the tort of bad faith. The jury returned a verdict in favor of Mr. Sims in the amount of $30,000 and a verdict in favor of Mrs. Sims in the amount of $75,000. The court rendered judgment on the jury verdict on November 25, 1981.
Safeco presents these principal issues on appeal:
 (1) Whether the bad faith action is barred by the compulsory counterclaim mandate of ARCP 13 (a), and
 (2) Whether the trial court's finding of a justiciable controversy in the declaratory judgment action bars this action.
 I
We address the issue of whether the tort of bad faith claim was a compulsory counterclaim *Page 1222 
in the declaratory judgment suit, thus barring the instant action. Rule 13 (a), ARCP, states in pertinent part:
 "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."
The Committee Comments elaborate:
 "Though any claim against an opposing party may be presented as a counterclaim, the rule also provides that such a claim must be pleaded as a courterclaim if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. Rule 13 (a). The purpose of this provision is to avoid circuity of actions, and to require assertion as counterclaims of those claims which are likely to turn on the same facts as the original claim. A counterclaim is compulsory if there is any logical relation of any sort between the original claim and the counterclaim. [Citations omitted.] If the pleader neglects to assert a compulsory counterclaim, the court can grant leave to amend the pleadings to raise it. Rule 13 (f); and see also Rule 60 (b)(1). But if it is not asserted, it cannot thereafter be sued on in another action."
The ex contractu claim — for the insurer's default on the policy — and the ex delicto claim — for the insurer's tortious misconduct in such default — arise out of the same transaction. And, it is obvious that the instant claim does not fall within any of the exceptions enumerated in subsection (a) of Rule 13.
We know of no reason that ARCP 13 (a) is not applicable to declaratory judgment actions. The very essence of that prior suit was the adjudication of the rights of the parties with respect to the insurance coverage. The declaratory judgment action was no different from any other proceeding seeking to litigate that issue. The only possible objection to the application of Rule 13 to the situation at hand would be uncertainty of the accrual of the bad faith claim at the time of the filing or pendency of the declaratory judgment suit; but that determination is to be made as in any other case. Certainly, the mandate for compulsory counterclaims is not triggered as to causes of action unaccrued at the time of the adjudication of the insurer's initial action. Indeed, the words "any claim which . . . the pleader has" contemplates as much.
The question, then, is did the insureds have a cause of action for bad faith (i.e., had the tort of bad faith claim accrued) at the time of the filing or pendency of the declaratory judgment suit?
The insureds were fully aware of all the material facts constituting the insurer's breach of its contractual obligation to afford liability coverage. Those same facts form the basis for the insured's tort of bad faith claim.
The cause of action for bad faith refusal to honor insurance benefits accrues upon the event of the bad faith refusal, or upon the knowledge of facts which would reasonably lead the insured to a discovery of the bad faith refusal. Dumas v. Southern GuarantyInsurance Co., 408 So.2d 86 (Ala. 1981). The accrual of the tort of bad faith cause of action is a question of fact to be determined by the circumstances of each case. Here, those facts are without dispute, compelling the conclusion that the bad faith claim had accrued at a time within the compulsory counterclaim mandate of Rule 13 (a).
 II
We address the issue of justiciable controversy not because it has any bearing on the result of this case, but because of the following language in Chavers v. National Security Fire Casualty Co., 405 So.2d 1 (Ala. 1981), which may be misunderstood by bench and bar.
 "Alternatively, the insurer may file a declaratory judgment action; and if the pleadings and proof justify an adjudication of the existence of a justiciable controversy *Page 1223 
as to the legal basis for refusal of payment issue — allowing the court to entertain that action whether or not the insurer prevails on the insurance contract claim — such an adjudication would also establish a valid reason for its refusal to pay, thus avoiding liability on the bad faith tort claim."
Safeco argued that the court's finding in the declaratory judgment action of the existence of a "justiciable controversy" as a matter of law barred the bad faith action because of this language. On the other hand, the Simses argued that the finding of a justiciable controversy in the declaratory judgment action is no more than a finding that an issue was made up by Safeco's unjustified denial of coverage. Moreover, they argued that the finding of a justiciable controversy in no way reflects any merit in Safeco's denial of coverage and should not be a defense to their suits for bad faith.
If we accept Safeco's arguments, the finding of a justiciable controversy would bar a bad faith claim. If none was found, there would be a bad faith claim. We do not believe that either the insurer or the insured would want to speculate on the result of a declaratory action, to defend or to bring a bad faith claim. Moreover, if Safeco's argument were valid, there would be a race to the courthouse to file a declaratory action if the insurer denied the insured's claim.
We are of the opinion that the finding of a justiciable controversy is not the determining factor of whether there was or was not bad faith on the part of an insurance company to pay a claim. The standard for testing a bad faith claim is not found in either the adjudication of a justiciable controversy or the judgment on the merits of the contract claim.
We conclude by stating that whether there is a bad faith claim will be determined by the facts and circumstances of each case.
 III
We pretermit discussion of the statute of limitations issue because of our holding that the Simses' failure to file a counterclaim barred the instant tort claim for bad faith. Therefore, the statute of limitations issue is moot.
REVERSED AND RENDERED.
TORBERT, C.J., and MADDOX, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
JONES, J., concurs specially.