PER CURIAM.
Bill and Diana Chavers appeal from a summary judgment entered against them in favor of National Security Fire and Casualty Company. The trial court found the Chaverses’ claim of bad faith refusal to pay was barred by the doctrine of res judicata and “other applicable laws of the State of Alabama.” We reverse.
The facts of this case were adequately set out by this court in Chavers v. National Security Fire and Casualty Co., 405 So.2d 1 (Ala.1981). On remand, after further discovery, the trial court entered summary judgment on 14 June 1983. The Chaverses appeal.
National Security contends the Chavers-es knew or should have known of the existence of their bad faith claim as of 5 March 1976, the date the Chaverses sued National Security for payment on their insurance policy. Therefore, National Security argues, the Chaverses’ separate bad faith action filed 11 April 1977, is barred both by res judicata and by the statute of limitations. See § 6-2-39(a)(5), Code 1975; Dumas v. Southern Guaranty Insurance Co., 408 So.2d 86 (Ala.1981).
The doctrine of res judicata bars subsequent claims which involve the identical parties, facts, and subject matter litigated, or those which could have been litigated, in an earlier lawsuit. Hester v. City of Birmingham, 402 So.2d 930, 931 (Ala.1981). A cause of action for bad faith refusal to honor an insurance claim accrues upon the event of the bad faith refusal, or upon the knowledge of facts which would reasonably lead the insured to a discovery of the bad faith refusal. Safeco v. Sims, 435 So.2d 1219 (Ala.1983). The accrual of a claim for bad faith is a question of fact to be determined by the circumstances of each case. Id., at 1222.
In the case at bar, the record contains conflicting evidence concerning whether the Chaverses knew or should have known of National Security’s bad faith. For example, Mr. Chavers testified he first learned during the trial of the insurance claim that the sole basis for National Security’s refusal to pay was the uncorroborated hearsay testimony of a convicted felon. Thus, the trial court erred in entering summary judgment against the Chaverses based on res judicata.
Similarly, disputed issues of fact concerning the discovery of bad faith preclude finding this action is barred, as a matter of law, by the statute of limitations. Section 6-2-3, Code 1975; Sexton v. Liberty National Life Insurance Company, 405 So.2d 18 (Ala.1981). Accordingly, the judgment is due to be, and it is hereby, reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
FAULKNER, JONES, SHORES, EM-BRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX and AL-MON, JJ., dissent.