A bad faith claim, whether pursued under the first or second prong of the tort as defined in Chavers v. National SecurityFire Casualty Co., 405 So.2d 1 (Ala. 1981), ultimately depends upon whether there is a debatable reason for denying the claim. Gulf Atlantic Life Ins. Co. v. Barnes, 405 So.2d 916
(Ala. 1981); Aetna Life Ins. Co. v. Lavoie, 470 So.2d 1060
(Ala. 1984) (Torbert, C.J., dissenting). This is true, because no matter how badly the investigation of the claim was conducted, if, in fact, the insurer had knowledge of a debatable reason for denying the claim at the time it denied the claim, the insurer had a right and, arguably, a responsibility to challenge the claim.[1] Lavoie at 1083 (Torbert, C.J., dissenting). Therefore, the question becomes whether Farm Bureau had a debatable reason for denying the claim at the time it was denied. Clearly, if Mr. Jones told Mr. Kratzer that the damage was the result of a limb falling on the service lines, there is a debatable reason for denying coverage. No one argues that such an event was covered under the policy.
The jury is given the duty to resolve issues of fact. In this case a fact issue is presented concerning who said what in the initial conversation between Mr. Jones and Mr. Kratzer. While this factual controversy precludes a directed verdict on the contract claim, which is usually a prerequisite for submission of the bad faith claim to the jury, National Savings Life Ins.Co. v. Dutton, 419 So.2d 1357 (Ala. 1982), we have indicated before that if the factual dispute arises solely from the testimony of an employee or agent of the insurer, the bad faith claim should be submitted to the jury. Lavoie, supra; SafecoIns. Co. of America v. Sims, 435 So.2d 1219 (Ala. 1983) (Jones, J., concurring specially).
In this case, the bad faith claim hinges on the jury's resolution of the "swearing match" between the insured's husband and the insurer's agent, Mr. Kratzer. Therefore, summary judgment was inappropriate.
[1] The quality of the investigation is an important factor in proving another necessary element of a bad faith action, i.e., whether the insurer knew that no debatable reason existed for denying the claim. Barnes, supra.