The primary issue presented is whether an insurance agency which was responsible for securing excess liability coverage for an insured, and which was sued by the insured and judgment creditors of that insured to recover damages in excess of the primary coverage, and which then added the primary insurer as a plaintiff because it was a real party in interest, could counterclaim against that primary liability carrier for negligent failure to settle the claim within its policy limits. The trial court dismissed the agency's counterclaim for failure to state a claim upon which relief could be granted and made the judgment final pursuant to the provisions of Rule 54(b), Ala.R.Civ.P. We affirm. *Page 472 
The record tends to show the following: Tillett Brothers Construction Company ("Tillett") had a liability insurance policy with Continental Casualty Insurance Company ("Continental") with a limit of $100,000. Tillett contracted with Turner Insurance Agency ("Turner") to acquire additional coverage in excess of the $100,000 limit of the policy with Continental. Turner placed coverage for Tillett with another insurance company for any amounts over $500,000. Thus, a $400,000 gap was left in Tillett's liability coverage. Fred and Lucy Reeves sued Tillett for personal injuries, and Continental did not settle the suit. The Reeveses received a $750,000 judgment against Tillett. Tillett and the Reeveses, as judgment creditors of Tillett, filed this action against Turner, alleging that Turner had negligently placed Tillett's excess coverage so as to allow the $400,000 gap.
Turner then had Continental added as a party plaintiff on the ground that Continental was a real party in interest because it had contracted with the personal injury claimants to pay them an amount in excess of $100,000 if they did not prevail against Turner. Turner then filed a counterclaim against Continental, alleging that Continental was negligent in not settling the Reeveses' suit against Tillett for an amount within the $100,000 limit, that Continental was negligent in not notifying Turner that the Reeveses' demands in their suit against Tillett were in excess of $100,000, and that Continental was negligent in not notifying Turner of the $400,000 gap in Tillett's coverage. Turner's counterclaim was dismissed under Rule 12(b)(6), Ala.R.Civ.P., for failure to state a claim upon which relief could be granted. That dismissal was made final pursuant to Rule 54(b), and Turner appealed.
Turner is asking this Court to recognize a duty owed by an insured's primary liability insurer to the insured'sinsurance agent who placed the insured's excess coverage not to negligently defend or fail to settle a third-party lawsuit against the insured. Turner asks for an extraordinary extension of liability that this Court is not prepared to make.
Alabama law states that a liability insurer may be liable to its insured beyond the policy limits for the insurer's negligence or bad faith in failing to settle claims against its insured within policy limits when a judgment greater than the policy limits is later obtained against the insured. Waters v.American Cas. Co. of Reading, Pa., 261 Ala. 252, 73 So.2d 524
(1954). Turner wants to stand in the shoes of Tillett. Turner cites numerous cases from other jurisdictions that hold that an excess insurer is entitled to stand in the shoes of the insured and be equitably subrogated to essentially the same rights against the primary insurer as the insured would have had if there had been no excess insurer. Turner cites no Alabama cases for this proposition; however, this rule of subrogation is not the issue in this case. Turner is claiming that it, as the insured's insurance agent, should be subrogated to the insured's and the excess insurer's rights against the primary insurer. Turner cites no case from any jurisdiction that has so held. We cannot agree with Turner that such a theory of liability should be applied in this case.
For the above reasons, the dismissal of Turner's counterclaim against Continental is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.