**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff–Appellee, Cross–Appellant,**

v.

**George BALMER and Margaret Balmer, Defendants–Appellants, Cross–Appellees.**

No. 87–7699.

United States Court of Appeals, Eleventh Circuit.

Jan. 11, 1990.

Lee H. Copeland, Dexter C. Hobbs, Copeland, Franco, Screws & Gill, P.A., Montgomery, Ala., for defendants-appellants, cross-appellees.

Michael B. Beers, Beers, Anderson, Jackson & Smith, Montgomery, Ala., for State Farm & Cas. Co.

---

Before VANCE *, Circuit Judge, HILL **, Senior Circuit Judge and ATKINS ***, Senior District Judge.

VANCE, Circuit Judge:

George and Margaret Balmer appeal from the grant of judgment notwithstanding the verdict in favor of State Farm Fire and Casualty Company, ("State Farm"), on the Balmers' bad faith failure to pay claim. For the reasons stated below, we affirm.

## I.

On Sunday, April 13, 1986, a fire demolished the farm house of George and Margaret Balmer located near China Grove, Alabama. The house was insured by a policy of insurance with State Farm which was scheduled to expire the next day. After investigating the claim, State Farm paid the dwelling coverage to the mortgagee, denied contents coverage, and brought this declaratory judgment action, alleging that it was not obligated to pay for the loss of the structure or personal property because the Balmers had intentionally concealed material facts from State Farm by misrepresenting the value of the contents destroyed in the fire and procured or set the fire. The Balmers counterclaimed for bad faith failure to pay.

After a trial lasting several days the jury concluded that State Farm was guilty of bad faith in denying the Balmers' claim and awarded punitive damages of $1.5 million, $45,650.00 for breach of contract, and $265,000.00 in compensatory damages. The trial court granted State Farm's motion for judgment notwithstanding the verdict, concluding that it had been error to submit the bad faith claim to the jury because State Farm had an arguable basis for denying the claim. Accordingly, the court reduced the award of damages to $48,-404.90. *State Farm Fire & Casualty Co. v. Balmer*, 672 F.Supp. 1395 (M.D.Ala. 1987).

## II.

This is a diversity case involving Alabama law. The tort of bad faith failure to pay an insurance claim was first recognized in Alabama in *Chavers v. National Sec. Fire & Casualty Co.*, 405 So.2d 1 (Ala.1981). The prima facie showing which must be met in order to submit a bad faith claim to the jury was originally stated as "either '(1) no lawful basis for the refusal coupled with actual knowledge of that fact or (2) intentional failure to determine whether or not there was any lawful basis for such refusal.' " *Id.* at 7 (citation omitted). In cases decided after *Chavers*, the supreme court has interpreted the second tier as a method of proving the first.

> The second tier of the test is an elaboration on the first. The trier of fact, by finding, on the part of the insurer, an "intentional failure to determine whether or not there was any lawful basis for refusal," may use that fact as an element of proof that no lawful basis for refusal ever existed. The relevant question before the trier of fact would be whether a claim was properly investigated and whether the results of the investigation were subjected to a cognitive evaluation and review. Implicit in that test is the conclusion that the knowledge or reckless disregard of the lack of a legitimate or reasonable basis may be inferred and imputed to an insurance company when there is a reckless indifference to facts or to proof submitted by the insured. Of course, if a lawful basis for denial actually exists, the insurer, as a matter of law, cannot be held liable in an action based upon the tort of bad faith.

*Gulf Atlantic Life Ins. Co. v. Barnes*, 405 So.2d 916, 924 (Ala.1981). Accordingly, however recklessly an insurer conducts its investigation, a bad faith claim cannot succeed where the insurer had an arguably lawful basis for denying the claim. "When

---

* This opinion was written by Honorable Robert S. Vance and concurred in by panel members prior to his death on December 16, 1989.

** *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

*** Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

a claim is 'fairly debatable,' the insurer is entitled to debate it, whether the debate concerns a matter of fact or law." *National Sec. Fire & Casualty Co. v. Bowen,* 417 So.2d 179, 183 (Ala.1982) (citation omitted). A debatable reason for denying a claim is "an arguable reason, one that is open to dispute or question." *Id.* If the evidence offered by the insured "fails to eliminate any arguable reason for denying payment, any fairly debatable reason on a matter of fact or a matter of law, he cannot recover under the tort of 'bad faith refusal.'" *Id.* at 185. Whether the insurer had such an arguable basis for denial is judged as of the time the decision to deny is made. *See National Savings Life Ins. Co. v. Dutton,* 419 So.2d 1357, 1362 (Ala.1982).

To apply this standard, the supreme court has developed a "directed verdict on the contract claim" test which must be met in normal cases before a bad faith claim can be submitted to the jury. Under this test the insured must offer proof that he or she is entitled to recover on the contract claim as a matter of law. "Ordinarily, if the evidence produced by either side creates a fact issue with regard to the validity of the claim and, thus, the legitimacy of the denial thereof, the tort claim must fail and should not be submitted to the jury." *Id.*

The supreme court has recognized several "extraordinary" cases in which the directed verdict standard does not apply. In these cases, an insured may be able to submit a bad faith claim to the jury even though the proof would not satisfy the directed verdict on the contract claim requirement. In his concurrence in *Safeco Ins. Co. of America v. Sims,* 435 So.2d 1219 (Ala.1983), Justice Jones discussed when such an extraordinary case might arise.

> Exceptions to the "directed verdict" rule will undoubtedly arise. Take the case where the insurer insists that its refusal of payment was grounded solely on a particular entry in a hospital record, and plaintiff denies the very existence of such an entry. Merely because the insurer may be able to withstand a directed verdict motion—the existence *vel non* of the record entry itself being a issue of

fact—would not, as a matter of law, bar the plaintiff's tort claim. This extreme example is to be distinguished from the more normal situation in which the factual dispute centers around the reasonable, but conflicting, inferences which may be drawn from a hospital record entry.

*Id.* at 1225. *See also Continental Assurance Co. v. Kountz,* 461 So.2d 802, 807 (Ala.1984) (exceptional circumstance where insurer intentionally failed to determine the existence of a valid reason for denying the claim); *Aetna Life & Casualty Ins. Co. v. Lavoie,* 470 So.2d 1060 (Ala.1984), *vacated* 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986), *on remand,* 505 So.2d 1050 (Ala. 1987) (same); *Jones v. Alabama Farm Bureau Mut. Casualty Co.,* 507 So.2d 396, 401 (Ala.1986) (exceptional circumstance where basis for denial was itself a disputed issue of fact).

After considering these standards, the district court determined that this was not a "special" case to which the directed verdict standard does not apply. The court also determined that evidence of possible arson and misrepresentation of contents gave State Farm an arguable basis for denying the claim. Accordingly, the court granted State Farm's motion for judgment notwithstanding the verdict.

**A.**

When reviewing the grant of judgment notwithstanding the verdict, we should consider "all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion." *Michigan Abrasive Co., Inc. v. Poole,* 805 F.2d 1001, 1004 (11th Cir.1986) (quoting *Neff v. Kehoe,* 708 F.2d 639, 641–42 (11th Cir.1983)).

▪ Our first step is to determine whether the directed verdict standard should apply to this case. Our review of the record, drawing all reasonable inferences in favor of the Balmers, leads us to conclude that this case does not fall within an exception to the directed verdict rule. Instead, this case represents "the more

normal situation in which the factual dispute centers around reasonable, but conflicting inferences that may be drawn from [the evidence]." *Safeco Ins. Co.*, 435 So.2d at 1225. To meet the directed verdict standard, an insured must show that he is able to prevail on the contract claim as a matter of law. Thus, "if any one of the reasons for denial of coverage is at least 'arguable,' [the c]ourt need not look any further." *McLaughlin v. Alabama Farm Bureau Mut. Casualty Ins. Co.*, 437 So.2d 86, 91 (Ala.1983). In this case there were genuine issues of fact about whether the Balmers procured or set the fire or intentionally misrepresented the value of the contents destroyed in the fire. Accordingly, the directed verdict standard was not satisfied and the bad faith claim should not have been submitted to the jury.

### B.

■ State Farm is also entitled to prevail as a matter of law if there was an arguable basis for denying the claim. In reviewing the grant of a directed verdict, we must consider whether no reasonable jury could conclude other than that State Farm had a arguable basis for denying the claim. State Farm based its denial on two alternative reasons: that the Balmers intentionally misrepresented the value of the contents and that the Balmers intentionally procured or set the fire. State Farm decided to deny the claim when it brought this action for declaratory judgment on August 1, 1986 and it is on that date that we must evaluate the evidence.

Evidence at trial showed that State Farm had before it the following information relating to possible misrepresentation of contents when it decided to deny the Balmers' claim. The Balmers represented via sworn statements that the contents destroyed in the fire had a total value of $159,000, and

that within a year before the fire more than $23,000 of these contents was purchased and more than $9,000 was received as gifts. The Balmers' tax returns for the two years preceding the fire reported their annual income as falling between $6,000 and $10,000. A report by two State Farm representatives who visited the site of the house the day after the fire indicated that there appeared to be a small amount of contents for a two-story house. A State Farm special investigator learned that the Balmers were $50,774.11 in arrears on loans and mortgages secured by the farm property.[1]

Based on this evidence, we agree with the trial court that no reasonable jury could conclude other than that State Farm had an arguable basis for denying the claim at the time of denial. Accordingly, the bad faith claim fails as a matter of law. *See Barnes*, 405 So.2d at 924.

The Balmers correctly point out that State Farm's investigation was far from ideal. State Farm did not use purchase verification forms or sift the debris to verify the contents destroyed in the fire. There was also evidence suggesting that State Farm failed to follow in-house rules concerning the investigation of fire losses and failed to perform all of the steps in a proper fire investigation. Alabama law is clear, however, that regardless of the imperfections of State Farm's investigation, the existence of a debatable reason for denying the claim at the time the claim was denied defeats a bad faith failure to pay claim. *See id.* ("if a lawful basis for denial actually exists, the insurer, as a matter of law, cannot be held liable in an action based upon the tort of bad faith"); *see also National Sec. Fire and Casualty Co. v. Vintson*, 454 So.2d 942, 945 (Ala.1984) (once insurer finds arguable reason to deny claim it has no affirmative duty to investigate

---

**1.** The trial court also listed as a factor in denying the claim the report by an independent investigator that, based on his physical inspection two days after the fire and subsequent comparison with the contents inventory submitted by the Balmers, the Balmers' inventory statement appeared inflated because he observed "very little contents" in the dwelling.

The letter, however, recommended sifting the debris to determine the contents more precisely. This letter was dated August 5, after State Farm had decided to deny the claim. Accordingly, it cannot be considered in determining whether State Farm had an arguable basis for denying the claim. *See Dutton*, 419 So.2d at 1362.

further); *National Savings Life Ins. Co. v. Dutton,* 419 So.2d 1357, 1362 (Ala.1982) (same).

Because we conclude that this reason furnished State Farm an arguable basis for denying the claim, the bad faith claim fails as a matter of law. It is therefore unnecessary to consider the second basis for denial. Accordingly, the district court is AFFIRMED.