Dr. Owen B. Evans filed an action in the Circuit Court of Jefferson County against Mutual Assurance, Inc., his medical-malpractice insurer, alleging that Mutual Assurance had, in bad faith or negligently, failed to settle a medical-malpractice wrongful-death action that had been filed against him in the Circuit Court of Mobile County. Dr. Evans also alleged that Mutual Assurance had committed *Page 67 
the tort of outrage. After the conclusion of the underlying malpractice action, the Jefferson Circuit Court entered a judgment on the pleadings on Evans's failure-to-settle claim, holding that because in the malpractice action Evans was never held liable for any damages that he would have to pay out of his own pocket — i.e., that exceeded what his insurer would pay — he could not, as a matter of law, proceed with that claim. The circuit court also entered a summary judgment in favor of Mutual Assurance on the outrage claim. Dr. Evans appealed. We affirm.
On November 18, 1986, Dr. Evans, an obstetrician/gynecologist, performed an elective abortion on an 18-year-old girl. The girl died six days after the procedure, from a hemorrhage. Dr. Evans was sued in a wrongful-death action in the Mobile Circuit Court. Dr. Evans's malpractice insurer, Mutual Assurance, undertook the defense of the malpractice wrongful-death action. The jury in the Mobile County action returned a verdict finding Dr. Evans liable for the death and assessing $10 million in damages. Dr. Evans's insurance policy provided only $1 million in coverage. While the malpractice judgment was on appeal to this Court, the parties agreed to settle the case for $5 million. Mutual Assurance agreed to pay the entire $5 million, even though that amount exceeded the policy limits by $4 million.
Mutual Assurance's claim file regarding the malpractice action against Dr. Evans showed that Mutual Assurance was aware (1) that in the malpractice action there was strong evidence favorable to the plaintiff on the merits of the plaintiffs case, although there was also evidence favorable to Dr. Evans; (2) that it had been advised by counsel that there was a 50-50 chance the jury would find for Dr. Evans; (3) that the plaintiff's counsel had several times offered to settle the case for the $1 million policy limit; (4) that a Mobile jury might return a large verdict; (5) that the stress and publicity resulting from the malpractice claim were having severe detrimental effects on Dr. Evans's health and his business; and (6) that Dr. Evans maintained that he did not commit malpractice and had agreed to let the case go to trial so long as Mutual Assurance agreed to be responsible for the amount of any judgment that exceeded his policy limits.
Dr. Evans claims that, given Mutual Assurance's knowledge of the risk of a large judgment, and its knowledge of the deleterious effect the malpractice action was having on him, Mutual Assurance should have settled the case before trial for the $1 million policy limits. Dr. Evans contends that even though Mutual Assurance fully paid the claim against him, he is still entitled to damages from Mutual Assurance for emotional distress, humiliation, damage to his reputation, and loss of business, all of which he says resulted from Mutual Assurance's insistence that the malpractice claim be tried before the Mobile jury.
In Waters v. American Cas. Co. of Reading, Pa, 261 Ala. 252,73 So.2d 524 (1953), this Court recognized that if an insurer negligently failed to settle a case, the insurer should be liable for the full amount of any judgment, including any excess over the policy limits. This Court has on several occasions addressed the tort of negligent or bad-faith failure to settle. Each time, the Court has held that a cause of action arising out of a failure to settle a third-party claim made against the insured does not accrue unless and until the claimant obtains a final judgment in excess of the policy limits. See State Farm Mut.Auto. Ins. Co. v. Hollis, 554 So.2d 387 (Ala. 1989); Turner Ins.Agency v. Continental Cas. Ins. Co., 541 So.2d 471 (Ala. 1989);Hartford Accident Indem. Co. v. Cosby, 277 Ala. 596,173 So.2d 585 (1965). See also Boyd Bros. Transp. Co. v. Fireman's FundIns., 540 F. Supp. 579, 582 (M.D. Ala. 1982) (there is no injury from a failure to settle until there is a final judgment against the insured), aff'd, 729 F.2d 1407 (11th Cir. 1984).
Relying on a number of cases, Dr. Evans argues that a cause of action based on an insurer's bad-faith failure to settle a claim should be held to accrue at the time the insurer first exhibits a bad-faith failure to settle. See Safeco Ins. Co. of America v.Sims, 435 So.2d 1219, 1222 (Ala. 1983); Chavers v. National Sec.Fire Cas. Co., 456 So.2d 293, 294 (Ala. 1984); McLeod v. Lifeof the South Ins. Co., 703 So.2d 362, 364-45 *Page 68 
(Ala.Civ.App. 1996). Each of those cases, however, involved a first-party claim wherein the insured alleged that the insurer had, in bad faith, refused to pay a legitimate claim made by the insured on his own policy. Those cases hold that the cause of action accrues the moment the insurer refuses, in bad faith, to honor the claim, and that the insurer cannot absolve itself of liability by subsequently tendering payment.
We find no basis for substituting the accrual rule applicable in first-party cases for the established accrual rule applicable in causes of action based on an insurer's failure to settle third-party claims against its insured. It is clear from Dr. Evans's complaint that he was never subject to a final judgment ordering the payment of money that Dr. Evans personally — and not his insurer — would have to pay, and that Mutual Assurance's paying the settlement absolved Dr. Evans of any personal liability. The circuit court properly entered the judgment on the pleadings.
With respect to Dr. Evans's claim alleging the tort of outrage, we agree with the circuit court that Dr. Evans failed to present substantial evidence indicating that Mutual Assurance "intentionally or recklessly" engaged in "conduct so outrageous . . . and so extreme . . . as to go beyond all possible bounds of decency" and that caused "emotional distress . . . so severe that no reasonable person could be expected to endure it." American Road Service Co. v. Inmon,394 So.2d 361, 365 (Ala. 1980). See Ex parte Crawford Co.,693 So.2d 458, 459 (Ala. 1997).
We affirm the judgment on the pleadings as to Dr. Evans's bad-faith claim and the summary judgment on the tort-of-outrage claim.
AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, and SEE, JJ., concur.
LYONS, J., recuses himself.